UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 08-29(1)-ART<br>Civil No. 11-7153-ART |
| v. | ) ) | |
| VERNON TODD GRIFFIE, | ) ) | **MEMORANDUM OPINION**<br>**AND ORDER** |
| Defendant. | ) ) ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Vernon Todd Griffie asks the Court to vacate his sentence under 28 U.S.C. § 2255 and resentence him to 156 months instead of the 180-month sentence he is now serving. He claims that he should not have received consecutive sentences under 18 U.S.C. § 924(c). But Griffie never raised these claims on direct appeal and so he is procedurally barred from raising them now. Moreover, on the merits, his claims misread § 924(c) and the Supreme Court's recent decision in *Abbott v. United States*, 131 S. Ct. 18 (2010). As a result, his motion is denied.

## BACKGROUND

To the people from whom they stole, Griffie and his codefendant appeared and acted like law enforcement officials. R. 82 at 2. But they were only impersonators who were using this scheme to rob individuals suspected of dealing drugs. R. 82 at 2. On August 10, 2007, Griffie entered a home brandishing a gun and demanding pills while claiming to be a UNITE officer. *Id*. The pair struck once again on September 12, 2007. *Id*. at 2–3. This

scheme netted Griffie and his codefendant cash and pills—at least until *real* law enforcement caught up with them.

On September 8, 2009, Griffie pled guilty to two counts of Using, Carrying, and Brandishing a Firearm During and in Relation to a Drug Trafficking Crime under 18 U.S.C. § 924(c). R. 82 at 1. Griffie received twenty-four months on the first count and 156 months on the second count for a total of 180 months. R. 101. Griffie did not appeal his sentence and now seeks relief under 28 U.S.C. § 2255.

**DISCUSSION**

Griffie claims this Court erred in imposing consecutive sentences under § 924(c) based on his reading of *Abbott v. United States*, 131 S. Ct. at 18. Rather than impose two consecutive sentences, he believes that the "except" clause of § 924(c)(1)(A) requires judges to pick the single highest minimum sentence for multiple § 924(c) offenses. R. 106-1 at 1. Effectively, Griffie argues that his total sentence should be 156 months because the two sentences should run concurrently instead of consecutively. *Id.*

**1. Griffie's § 924(c) argument is procedurally barred.**

Before the Court can reach the merits of his claim, Griffie must pass the procedural hurdle standing in his way—his failure to raise this issue on direct appeal. He cannot. In general, a petitioner is procedurally barred from raising a claim in a § 2255 motion, even those of constitutional magnitude, when he made no contemporaneous objection (he did not, R. 102 at 3) or when he failed to present the claim on direct appeal (again, he did not). *United States v. Frady*, 456 U.S. 152, 167–68 (1982); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). A procedural default will be excused when the petitioner demonstrates

2

either (1) "cause" and "actual prejudice" or (2) actual innocence. *Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). To demonstrate "cause," the petitioner must show that some "'objective factor external to the defense impeded counsel's efforts' to raise the claim" on direct appeal. *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

In his effort to establish "cause," Griffie makes two arguments. First, he claims that he could not "force his court-appointed lawyer to follow through with his [duty] to defend [his] rights." R. 112 at 2. It is unclear what he means. When he was given the opportunity to address the Court during sentencing, Griffie did not indicate that his lawyer failed to follow any of his instructions or that his lawyer was otherwise deficient. R. 102 at 8. Nor does he explain what obstacles prevented his lawyer from raising his current arguments on direct appeal. Therefore, his allegations of ineffective assistance of counsel do not establish cause.

Second, Griffie argues that he could not raise his § 924(c) argument because the Supreme Court did not decide *Abbott* until 2010. R. 112 at 2. It is true that a claim "'so novel that its legal basis is not reasonably available to counsel'" is enough to establish cause for a procedural default. *Peveler v. United States*, 269 F.3d 693, 700 (6th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622). But Griffie's § 924(c) claim was not novel at the time of his sentencing. By late 2009 and early 2010, "the Federal Reporters were replete with cases," *Bousley*, 523 U.S. at 622, involving challenges to the "except" clause of § 924(c). *See, e.g., United States v. London*, 568 F.3d 553, 564 (5th Cir. 2009); *United States v. Williams*, 558

3

F.3d 166, 168 (2d Cir. 2009); *United States v. Easter*, 553 F.3d 519, 525 (7th Cir. 2009); *United States v. Parker*, 549 F.3d 5, 11–12 (1st Cir. 2008); *United States v. Jolivette*, 257 F.3d 581, 586–587 (6th Cir. 2001). Indeed, many of these cases were part of the circuit split that preceded *Abbott* itself. Thus, the fact that *Abbott* was not decided until 2010 does not establish cause.

In addition to failing to establish cause, Griffie does not attempt to show actual prejudice resulting from his lawyer's alleged errors. Therefore, the Court cannot excuse Griffie's procedural default under the cause and actual prejudice standard.

Alternatively, Griffie may overcome his procedural default and have the Court review his claims if he establishes that he is "actually innocent." *Bousley*, 523 U.S. at 623. Actual innocence means "'factual innocence, not merely legal insufficiency.'" *Vanwinkle*, 645 F.3d at 369 (quoting *Bousley*, 523 U.S. at 623). Griffie does not contend that he is actually innocent, and the case on which he builds his § 2255 motion, *Abbott*, would not establish his actual innocence. As the United States points out, R. 109 at 3, *Abbott* only addressed the penalty provisions in § 924(c). Therefore, Griffie has procedurally defaulted on his claim.

**2. Even if it were not procedurally defaulted, Griffie's § 924(c) argument is meritless.**

Even if Griffie's claims were not procedurally defaulted, Griffie's § 924(c) argument fails on the merits because *Abbott* does not stand for the proposition he claims. *Abbott* resolved competing interpretations of § 924(c)(1)(A)'s "except" clause. Section 924(c)(1)(A) of Title 18 establishes minimum sentences for using a firearm during certain crimes "except to the extent that a greater minimum sentence is otherwise provided by [§ 924(c)] or by any other provision of law."

4

Griffie claims that, after *Abbott*, the "except" clause prohibits consecutive mandatory sentences for his two § 924(c) counts, one for the events of August 10, 2007, and another for the events of September 12, 2007. But *Abbott* does not hold that the "except" clause prohibits consecutive mandatory sentences for two unrelated § 924(c) convictions. Quite the opposite. Under *Deal v. United States*, 508 U.S. 129 (1993), if a defendant is convicted of multiple § 924(c) offenses in the same case, "each additional conviction is a 'second or subsequent conviction' within the plain meaning of the statute, requiring a consecutive sentence of twenty-five years on the subsequent counts." *United States v. Mongham*, 356 F. App'x 831, 839 (6th Cir. 2009) (interpreting and quoting *Deal*, 508 U.S. at 136–37).

*Abbott* did not overrule or otherwise change this holding in *Deal*. *See United States v. Herrera-Genao*, 419 F. App'x 288, 301 (3d Cir. 2011) (holding that, under both *Deal* and *Abbott*, the "except" clause does not prohibit consecutive mandatory minimum sentences for multiple § 924(c) offenses). As the Sixth Circuit explained, the "except" clause after *Abbott* means that a mandatory seven-year sentence for brandishing a firearm in the commission of certain crimes would merge into a mandatory ten-year sentence for discharging it. *United States v. Ham*, 628 F.3d 801, 813 (6th Cir. 2011) (citing *Abbott*, 131 S. Ct. at 26). Likewise, a mandatory five-year sentence for possessing a firearm in the commission of certain crimes would merge into a mandatory seven-year sentence for brandishing that firearm. *Id*.

Indeed, Griffie's reading of the "except" clause would create the same type of "sentencing anomalies," *id.*, that formed the basis of the Court's reasoning in *Abbott*. Consider two defendants. The first *possesses* a firearm while trafficking drugs in violation of § 924(c), requiring a five-year minimum sentence under § 924(c)(1)(A)(i), and later commits

5

a second § 924(c) offense. The second *discharges* a firearm while trafficking drugs in violation of § 924(c), requiring a ten-year minimum sentence under § 924(c)(1)(A)(iii), and later commits a second § 924(c) offense. Each defendant's second § 924(c) offense requires a twenty-five-year minimum sentence. § 924(c)(1)(C)(i). But under Griffie's reading, the mandatory minimums for both defendants' first § 924(c) offenses cannot be imposed consecutively to the second twenty-five-year minimum sentences, and so each defendant would receive a total sentence of twenty-five years. This results in the more culpable second defendant receiving the same sentence as the less culpable first defendant.

Consider yet another anomaly created by Griffie's reading. Suppose that Griffie goes on to violate § 924(c) a third time. Under § 924(c)(1)(C)(i), his third violation would subject him to a minimum sentence of twenty-five years. But under Griffie's reading of *Abbott*, his twenty-five-year minimum sentence for the second § 924(c) count exempts him from receiving an additional, consecutive twenty-five-year minimum sentence for the hypothetical third § 924(c) offense. In short, Griffie's reading invents a "third time's the charm" rule for § 924(c) offenders because a three-or-more-time § 924(c) offender would be exempt from any additional consecutive minimum sentence for his third and subsequent violations. It is unlikely that Congress "intend[ed] such . . . bizarre result[s]." *Abbott*, 131 S. Ct. 18.

Other provisions in § 924 and the Sentencing Guidelines reinforce this conclusion. Section 924(c)(1)(D)(ii) declares that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person." *See also Abbott*, 131 S. Ct. at 29 (holding that § 924(c)(1)(D)(ii) "rules out the possibility that a § 924(c) sentence might 'run concurrently with any other term of

6

imprisonment'"). And the Sentencing Guidelines require "the term of imprisonment [under § 924(c)] . . . to run consecutively to any other term of imprisonment." United States Sentencing Guidelines Manual § 5G1.2(a) (2010); *see also id.* cmt. 3(B)(iii) (explaining that, where a defendant is convicted of two counts of § 924(c), the "sentence on each count is imposed to run consecutively to the other counts"). As a result, the Court properly sentenced Griffie under both § 924(c) and *Abbott*.

**3. Griffie has waived his objection to his sentencing calculation and, in any event, the objection is meritless.**

In addition to filing a reply brief, R. 112, Griffie filed a supplemental motion to his original motion under § 2255. R. 111. In it, he questions why he did not receive a two-level decrease in his sentence calculation for his acceptance of responsibility. First, even though Griffie technically filed his motion as a "supplement" and not a reply, issues raised for the first time in a reply brief are waived. *Barany-Snyder v. Weiner*, 539 F.3d 327, 331–32 (6th Cir. 2008) (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)). Second, Griffie does not explain why this claim, like his previous one, would not be procedurally defaulted for failing to raise it on direct appeal. Third, Griffie was not eligible for an acceptance of responsibility reduction under the Guidelines. Section 2K2.4(b) states that the Guidelines sentence for a defendant convicted of violating § 924(c) is the minimum term of imprisonment required by that statute. Further, § 2K2.4(b) notes that Chapter Three of the Guidelines, which considers a defendant's acceptance of responsibility, does not apply to that count of conviction. Thus, Griffie's supplemental motion is denied.

**4. No certificate of appealability will issue.**

A petitioner is entitled to a certificate of appealability only if he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). Although Griffie has not yet applied for a certificate of appealability, a court may "issue or deny [a certificate] when [the court] rules on a habeas motion." *Castro v. U.S.*, 310 F.3d 900, 901 (6th Cir. 2002). Griffie has not made that showing here, nor has he shown that "'reasonable jurists would find [this C]ourt's assessment of the constitutional claims debatable or wrong.'" *Tenard*, 542 U.S. at 282 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). As a result, the Court will not issue a certificate of appealability.

Accordingly, it is **ORDERED** as follows:

(1) Griffie's Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255, R. 106, is **DENIED**.

(2) Griffie's Supplement Motion to his § 2255 Motion, R. 111, is **DENIED**.

(3) No certificate of appealability shall issue.

(4) This matter is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

This the 29th day of August, 2011.



Signed By:
*Amul R. Thapar*
United States District Judge